IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS – TYLER DIVISION

| | | |
|---|---|---|
| **PAUL WESTBROOK** | § | |
| | § | |
| *Plaintiff* | § | NO. __6:16-cv-38_____ |
| | § | |
| v. | § | Demand for Jury Trial |
| | § | |
| **RDO EQUIPMENT CO.** | § | |
| | § | |
| *Defendant* | § | |

## COMPLAINT FOR DAMAGES

**TO THE HONORABLE JUDGE OF SAID COURT**:

    **COMES NOW** Paul Westbrook, Plaintiff in the above-entitled and numbered Cause, and files this, his Complaint for Damages, complaining of RDO Equipment Co., and for cause of action would respectfully show the Court the following:

### A.
### PARTIES

    1.    Plaintiff Paul Westbrook lives in Lincoln, Nebraska.  Westbrook is a former employee of RDO Equipment Co.

    2.    Defendant RDO Equipment Co. (hereinafter sometimes referred to as "RDO") is a foreign corporation organized under the laws of the state of Delaware, with its principal place of business in Fargo, North Dakota.  Defendant may be served with process by serving its registered agent, Allan F. Knoll, at 700 S. 7th Street, P.O. Box 7160, Fargo, North Dakota, 58106-7160.

**B.**
**JURISDICTION**

3.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Westbrook is a citizen of Nebraska,  RDO is organized in Delaware, and the amount in controversy exceeds $75,000, excluding interest and costs.

**C.**
**VENUE**

4.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. To wit, the branch of RDO Equipment Co. where Paul Westbrook was employed at the time of the events in question is located in McKinney, Collin County, Texas.

**D.**
**CONDITIONS PRECEDENT**

5.      All conditions precedent have been performed or have occurred.

**E.**
**FACTS**

6.      In June 2014, after having accepted an offer of employment extended by RDO Equipment Co., Paul Westbrook moved from Cibolo, Texas to McKinney, Texas to open RDO's new McKinney dealership in his capacity as its General Manager.

7.      In accordance with his agreement with RDO, Westbrook began working for RDO on June 20, 2014.

8.      The terms of Westbrook's employment with RDO called for a signing bonus of $16,000, an annual salary of $130,000.00, and participation in RDO's Texas General Manager Bonus Plan for Fiscal Year 2015 (the "Bonus Plan"), which was to be prorated from his June 20, 2014 start date.

9.      The Bonus Plan promised Westbrook eligibility for a bonus up to an amount equal to his annual salary, with 20% of the total bonus to be based upon individual assessment criteria, and the remaining 80% to be based on regional performance.  Further, the Bonus Plan provided that the Westbrook "must be employed through January 31 of the plan year to be bonus eligible."  Based upon Westbrook's salary of $130,000 and his start date of June 20, 2014, the maximum pro-rated bonus for which he was eligible was $80,136.99.[1]

10.     The Bonus Plan stated that distribution of the bonus would occur on or before March 15, 2015, but did not require that an employee be employed on that day.  To the contrary, and as stated in the preceding paragraph of this Complaint, the Bonus Plan conditioned eligibility for the bonus on employment with RDO through January 31, 2015.

11.     Westbrook was employed by RDO on January 31, 2015, as well as everyday thereafter until February 12, 2015.

12.     On February 12, 2015, RDO summarily terminated Westbrook's employment with the company.  At the time of his termination, RDO provided Westbrook with a letter stating, "as a result of various issues discussed in your final meeting…your employment was ended effective February 12, 2015.  You will be paid all outstanding wages and PTO through February 12, 2015 to which you are entitled in full satisfaction of our obligations under applicable law."

13.     Westbrook's final pay did not include any portion of the bonus that was due to him under the Bonus Plan.

14.     On April 16, 2015, Westbrook's counsel sent a letter to RDO demanding payment of Westbrook's bonus for Fiscal Year 2015 on or before May 1, 2015.  The demand

---

[1] (225 days from June 20, 2014 until January 31, 2015 / 365 days = 0.61643836.  $130,000 x 0.619178 = 80,136.9863)

letter offered to release any and all claims Westbrook may have against RDO in exchange for payment of his bonus, and notified RDO that Westbrook would file suit if the bonus was not paid.

15.     Despite receiving the demand letter, RDO has failed and refused to pay Westbrook's bonus under the Bonus Plan.

**F.**
**COUNT 1 – BREACH OF CONTRACT**

16.     Westbrook reasserts each and every allegation set forth in Sections A-E above and incorporates them by reference herein.  The Bonus Plan was a binding, enforceable contract between RDO and Westbrook under which RDO agreed to pay Westbrook a bonus based on certain individual and regional performance metrics.

17.     Between the date he started his employment with RDO and the date which the Bonus Plan ran, Westbrook performed every condition, obligation, or act required of him under the terms of his employment with RDO.  While Westbrook earned his bonus per the contractual terms of the Bonus Plan, RDO materially breached the contract by failing and refusing to pay Westbrook the bonus he rightfully earned.  Although presentment and demand have been made upon RDO for the damages resulting from its breach of contract, RDO has failed and refused, and continues to fail and refuse, to pay Westbrook the bonus he rightfully earned.  As a result of RDO's breach, Westbrook has suffered actual damages for which he now sues.

18.     As a result of RDO's breach, Westbrook has been required to obtain legal counsel and has agreed to pay reasonable and necessary attorneys' fees in the prosecution of this claim.  Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Westbrook is entitled to recover the reasonable and necessary attorneys' fees and expenses incurred in connection with the prosecution of this claim.

## G.
### COUNT 2 – FRAUD

19.     Westbrook reasserts each and every allegation set forth in Sections A-F above and incorporates them by reference herein.  RDO made numerous representations regarding RDO's intention to pay Westbrook the bonus earned during his employment with RDO. RDO's representations were material to the dealings between Westbrook and RDO, and were a significant inducement for Westbrook to accept RDO's offer of employment, relocate to North Texas, purchase a home in North Texas, and undertake and continue employment with RDO.  Said representations were false and RDO either knew that said representations were false or made them recklessly in order to induce Westbrook to accept employment and perform work for RDO.  The representations were made with the intent that Westbrook would act upon them.  Westbrook did, in fact, rely on the representations of RDO to his detriment, accepting and undertaking employment for RDO despite the fact that RDO intended to fire him before such bonus was paid.  Westbrook has sustained actual economic damages as a result of the fraud perpetrated by RDO.

20.     In connection with these fraudulent misrepresentations, Westbrook has been forced to retain the undersigned attorneys, and seeks to recover his actual damages, exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code, plus the reasonable attorneys' fees and expenses incurred in connection with the prosecution of these claims, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

## H.
### COUNT 3 – THEFT OF SERVICES

21.     Westbrook reasserts each and every allegation set forth in Sections A-G above and incorporates them by reference herein.  Westbrook would show that RDO violated the Theft Liability Act, as codified in §134.001-134.005 of the Texas Civil Practice and Remedies

Code.  Specifically, Westbrook would show that he provided RDO a service for compensation.  RDO knew that Westbrook was providing the service for compensation. RDO intentionally or knowingly secured performance of Westbrook's services by deception and by agreeing to compensate Westbrook for the service, and, after the service was rendered, failed to compensate Westbrook as agreed after receiving notice demanding payment.  As a result of RDO's theft, Westbrook sustained damages for which he now sues.

## I.
### COUNT 4 – NEGLIGENT MISREPRESENTATION

22.     Westbrook reasserts each and every allegation set forth in Sections A-H above and incorporates them by reference herein.  RDO made representations to Westbrook in the course of RDO's business, or in a transaction in which Westbrook had an interest, claiming that RDO would compensate Westbrook for the services rendered by Westbrook in the performance of his employment duties.  Said representations were false, as RDO failed to compensate Westbrook as agreed for the services rendered.   RDO did not exercise reasonable care or competence in obtaining or communicating its intention to pay Westbrook, and Westbrook justifiably relied on the representations to his detriment.  RDO's negligent misrepresentations proximately caused Westbrook's injuries and damages, for which he now sues.

## J.
### COUNT 5 – QUANTUM MERUIT

23.     Westbrook reasserts each and every allegation set forth in Sections A-I above and incorporates them by reference herein.  Westbrook provided valuable services to RDO. Although RDO used and enjoyed Westbrook's services, RDO failed to compensate

Westbrook for such services as agreed.   RDO had reasonable notice that Westbrook expected to be compensated for the services he provided RDO.   As such, RDO has wrongfully secured a benefit or has passively received a benefit which is unconscionable for it to keep.

24.   As a result of RDO's unjust enrichment, Westbrook has been required to obtain legal counsel and has agreed to pay reasonable and necessary attorneys' fees in securing payment of the services rendered to RDO.   Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Westbrook is entitled to recover the reasonable and necessary attorneys' fees and expenses incurred in connection with the prosecution of this claim.

### K.
### COUNT 6 – EQUITABLE RESTITUTION / UNJUST ENRICHMENT

25.   Westbrook reasserts each and every allegation set forth in Sections A-J above and incorporates them by reference herein.   Westbrook provided services to RDO, for which RDO failed to pay.   As such, RDO has wrongfully secured a benefit or has passively received a benefit which is unconscionable for RDO to keep.   Westbrook is entitled to equitable relief as restitution for RDO's unjust enrichment.

26.   As a result of RDO's unjust enrichment, Westbrook has been required to obtain legal counsel and has agreed to pay reasonable and necessary attorneys' fees to secure payment for the services rendered to RDO.   Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Westbrook is entitled to recover the reasonable and necessary attorneys' fees and expenses incurred in connection with the prosecution of this claim.

## L.
### DAMAGES

27.     As a direct and proximate result of RDO's conduct, Westbrook suffered the following injuries and damages:

1. Damages sustained as a result of RDO's breach of contract, including loss of benefit of the bargain;

2. Damages sustained as a result of RDO's fraud, including loss of benefit of the bargain;

3. Damages sustained as a result of RDO's violations of the Theft Liability Act, including the value of the unpaid bonus;

4. Damages sustained as a result of RDO's negligent misrepresentations, including pecuniary loss;

5. Alternatively, equitable restitution for Westbrook's claim for *quantum meruit* and RDO's unjust enrichment;

6. Exemplary damages;

7. Additional damages under the Theft Liability Act;

8. Reasonable and necessary attorneys' fees;

9. Pre- and post-judgment interest in the maximum amount allowed; and

10. Costs of court.

## M.
### ATTORNEYS' FEES AND COSTS

28.     Westbrook is entitled to an award of attorneys' fees and costs pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

## N.
### JURY DEMAND

29.     Westbrook demands a trial by jury and tenders the appropriate fee as required under the law.

## O.
### PRAYER

30.    WHEREFORE, PREMISES CONSIDERED, Plaintiff Paul Westbrook prays for judgment against Defendant RDO Equipment Co., for actual damages, exemplary and additional damages, attorney's fees, pre- and post-judgment interest, and costs of court; and for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

**HARRISON & HULL L.L.P.**
ATTORNEYS AND COUNSELORS
112 West Virginia Street
McKinney, Texas 75069
(214) 585-0094
(214) 585-0942 facsimile

**RICHARD E. HARRISON**
Texas Bar No. 09119500
*rharrison@ harrisonhull.com*
**MATTHEW R. MUMM**
Texas Bar No. 24051095
*mmumm@harrisonhull.com*

**ATTORNEYS FOR PLAINTIFF
PAUL WESTBROOK**